UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00106-MOC

| | |
|---|---|
| **ORRIN L. JACKSON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the court on petitioner's Motion for Reconsideration of Appointment of Counsel (#11). In addition to arguing that the issues are complex, petitioner contends that he needs the assistance of counsel to gain access to a sealed exhibit in a co-defendant's collateral action.

Review of the pleadings in this matter reveals, however, that the government has filed in this case that same exhibit. While petitioner did not have access to that document, the court has taken steps to make sure that the government provides him with a copy. Finally, initial review of the government's response reveals that while the government concedes Rosemond is retroactively applicable, it argues that petitioner has procedurally defaulted his claim and that his burden is to show that he is actually innocent. The government explains at page 11 of its response why it believes petitioner is unable to show actual innocence and provides in the sealed exhibit prior testimony placing petitioner with the shooter, in the car, at the time of the drive-by-shooting.

At this point, petitioner's burden is to come forward with whatever evidence informs his belief that he is actually innocent, to wit, evidence that he was not in the car at the time of the

-1-

drive-by shooting. Petitioner is uniquely qualified to submit to this court by way of affidavit any statement he may wish to make under penalty of perjury concerning his presence or lack thereof during the drive-by-shooting.

Petitioner may also present in writing any legal argument he may have as to why he believes the government's legal position is wrong. As petitioner has shown throughout this civil action, he is very capable of presenting cogent legal arguments. Despite petitioner's arguments to the contrary, the legal issues presented by his Petition and the government's Response are straight forward. Thus, the court can find no basis for appointing counsel.

In accordance with Rule 5 of the Rules Governing Section 2255 Proceedings, the court will allow petitioner an opportunity to file a Reply and support such reply with any exhibits he may want the court to consider. Any exhibit submitted must be either an affidavit or a declaration or accompanied by an affidavit or a declaration. An affidavit is a writing sworn to before a notary public or another person authorized to administer oaths. A declaration is a writing signed "under penalty of perjury." Petitioner is advised that any sworn statement or statement made under penalty of perjury that is not truthful could expose him to additional prosecution inasmuch as perjury before this court is a federal criminal offense.

While the court will deny the request for reconsideration of appointment of counsel, petitioner is advised that the court will on its own consider whether counsel will be appointed after he files his Reply. *If* such Reply and the exhibits warrant an evidentiary hearing, counsel will then be appointed as required under the Rules Governing Section 2255 Proceedings.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion for Reconsideration of Appointment of Counsel (#11) is **DENIED**, and petitioner is allowed 30 days from the filing of this Order to file his Reply and any supporting affidavits.

Signed: June 12, 2015

Max O. Cogburn Jr
United States District Judge