UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00106-MOC

| | | |
|---|---|---|
| **ORRIN JACKSON**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of petitioner's Second Motion for Reconsideration of the order dismissing his Motion to Vacate, Set Aside, or Correct Sentence, (#1), as amended.

In this second motion for reconsideration, petitioner contends that the Court failed to reconsider the propriety of the use of grand jury testimony that was offered into evidence by the government. (#32). This is plainly not true. As the Court found in the order denying the first motion for reconsideration, further documents submitted by the government as Exhibit 1A in response to petitioner's motion for consideration (#27), only bolstered the Court's conclusion that petitioner failed to carry his burden to prove that he was actually innocent of the 924(c) crime that was charged as Count Five of his indictment, and for which he was convicted at trial.[1]

Next, petitioner contends this Court erred in finding there was sufficient evidence that he

---

[1] Count Five charged that on or about March 25, 1989, petitioner, his brother Cecil Edward Jackson, and three others were riding around in a car with a firearm when they encountered Mr. Alexander. At trial, Mr. Alexander only testified that Cecil was one of the shooters. However, during his Grand Jury testimony, Mr. Alexander clearly placed petitioner at the scene of the drive-by shooting and the Court found this evidence more than sufficient to overcome petitioner's claim of actual innocence.

1

had advanced knowledge that a firearm would be present during the March 25th incident. In supporting his claim of actual innocence, petitioner was only able to offer a self-serving Declaration that he was not at the scene of the shooting during the incident. Again, as the Court noted in the order dismissing the § 2255 motion to vacate, and reaffirmed in denying the initial motion for reconsideration, the evidence of record supports a finding that petitioner failed to demonstrate actual innocence of the § 924(c) criminal conduct, and this finding could be made on the basis of the Grand Jury testimony alone.

Petitioner also objects, this time contending the Court failed to determine there was evidence that a Pinkerton instruction was given to the jury, which he asserts such instruction was needed to establish that he was guilty of the § 924(c) offense. This challenge will be rejected for the reasons previously given. See (#21 at 11-12).

Lastly, petitioner argues that the jury's guilty verdict on the § 924(c) charge was in fact based on a theory of "aiding and abetting" and not one of Pinkerton co-conspirator liability. As petitioner will recall, the Court found that the evidence presented clearly supported a theory of liability on either of these theories.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Second Motion for Reconsideration is **DENIED**. (#32).

Signed: September 6, 2016

Max O. Cogburn Jr.
United States District Judge

2